**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4901**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

SAMUEL MELVIN, SR.,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:92-cr-00222-NCT-1)

─────────────

Submitted:  May 5, 2011           Decided:  May 18, 2011

─────────────

Before DUNCAN, DAVIS, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

James B. Craven, III, Durham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Melvin, Sr., appeals from the district court's imposition of a twelve-month sentence following revocation of his supervised release. On appeal, Melvin contends that the district court imposed a plainly unreasonable sentence because the court failed to provide adequate reasoning and relied too heavily on the probation officer's recommendation. Finding no reversible error, we affirm.

A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438-39 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). In making the review, we "follow generally the procedural and substantive considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Crudup, 461 F.3d at 438-39.

We will affirm if the sentence is not unreasonable. Id. at 439. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is *plainly* unreasonable." Id. "[T]he court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Id.

When imposing sentence, the district court must provide individualized reasoning:

> The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority. . . . Where the defendant . . . presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments.

United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The Carter rationale applies to revocation hearings; however, "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (noting that a district court's reasoning may be "clear from context" and the court's statements throughout the sentencing hearing may be considered). In fact, in a case of supervised release revocation, an appellate court "may be hard-pressed to find any explanation for within-range, revocation sentences insufficient given the amount of deference

3

. . . afford[ed to] district courts when imposing these sentences; but a district court may not simply impose sentence without giving *any* indication of its reasons for doing so." Id.

We conclude that Melvin's revocation sentence was reasonable. While the district court's explanation was brief, its rationale is clear — it imposed a sentence at the top of Melvin's Guidelines range because of his history of supervised release violations and repeated criminal conduct. It is clear from a review of the record that the court listened attentively to Melvin's arguments and rejected his request for release based upon Melvin's inability to conform his actions to the law. Despite Melvin's allegations to the contrary, we further conclude that the court did not cede sentencing authority to the probation officer. Instead, the court merely requested the probation officer's opinion and concurred with his conclusions.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED